UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

December 16, 2021

William J. Nicoll, Esq.
Jenkins Block and Associates PC
1040 Park Avenue, Suite 100
Baltimore, MD 21201

Jennifer H. Stinnette, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject:  Rhonda M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-2901

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 5, 20), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 17) and defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 22). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 17) and Defendant's Motion (ECF No. 22) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I.  Background

On September 18, 2017, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on August 29, 2017. (R. at 157-71). Her claims were initially denied on February 5, 2018 (R. at 92-95), and on reconsideration on June 7, 2018 (R. at 97-99). After a hearing held on September 4, 2019, an Administrative Law Judge ("ALJ") issued a decision on September 23, 2019, denying benefits based on a determination that plaintiff was not disabled. (R. at 7-26). The Appeals Council denied plaintiff's request for review on August 17, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-6). Plaintiff challenges the Commissioner's decision on the grounds that the ALJ's residual functional capacity ("RFC"), and the RFC presented to the vocational expert ("VE"), were legally insufficient.

## II.  Discussion

Plaintiff argues that the ALJ erred because plaintiff's RFC was insufficient to address her limitations and, therefore, that the ALJ also erred by presenting an insufficient hypothetical to the VE during plaintiff's hearing. (ECF No.17-1 at 10-13). The RFC "assessment must first identify

<u>Rhonda M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-2901
December 16, 2021
Page 2

the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." <u>Id.</u> "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" <u>Woods v. Berryhill</u>, 888 F.3d 686, 694 (4th Cir. 2018) (citing <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" <u>Id.</u> (citing <u>Monroe v. Colvin</u>, 826 F.3d 176, 189 (4th Cir. 2016)).

  Plaintiff maintains that the RFC does not sufficiently address her left upper extremity limitations. (ECF No. 17-1 at 11). In plaintiff's RFC, the ALJ included the following manipulative limitations regarding plaintiff's left upper extremity: "She can frequently use her left upper extremity to push or pull and frequently use her left upper extremity for reaching in all directions." (R. at 16). In the narrative discussion of plaintiff's RFC, the ALJ noted that plaintiff testified that "her left shoulder is bad and she cannot lift things with it." (R. at 16). The ALJ further noted that imaging in October 2016 showed mild degenerative change in plaintiff's left shoulder and that plaintiff "underwent multiple procedures on her left shoulder after a rotator cuff tear, partial bicep tear, and degeneration" in August 2017 and a revision procedure in May 2018. (R. at 17). As plaintiff states, the state medical consultant at the reconsideration level found in June 2018 that plaintiff could never push, pull, or reach, and could occasionally handle, with her left upper extremity. (R. at 83-84). The ALJ found this opinion unpersuasive because "the record supports greater limitations." (R. at 19). Yet, the ALJ included lesser limitations in plaintiff's RFC, specifically that she could frequently push, pull, and reach with her left upper extremity, rather than greater limitations. Therefore, the ALJ's reasoning for finding the medical consultant's opinion unpersuasive is inconsistent with the RFC. This appears to be a critical point because the vocational expert ("VE") testified at plaintiff's hearing that an individual who could never reach and could occasionally handle with the left upper extremity would be unable to perform any sedentary jobs in the national economy. (R. at 59).

  Additionally, the ALJ reviewed the medical opinion of Clifford Mitchell, M.D., from February 2018, which stated that plaintiff could lift no weight with her left arm. (R. at 19). The ALJ stated that this opinion was somewhat persuasive, but it was written "shortly after [plaintiff's] surgery on her left shoulder and does not reflect [plaintiff's] current functioning with her left upper extremity, which is less restrictive." (R. at 19). The ALJ included no restrictions in plaintiff's RFC regarding lifting with her left upper extremity, and the definition of sedentary in the Dictionary of Occupational Titles includes "exerting up to 10 pounds of force occasionally or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects." U.S. Dep't of Labor, <u>Dictionary of Occupational Titles</u> App. C (1993). The ALJ, however, failed to include any information in plaintiff's RFC, or anywhere in the opinion overall, regarding the current functioning and ability of plaintiff's left upper extremity to push, pull, reach, or lift. Accordingly, it is not possible to determine whether substantial evidence supports the ALJ's determination that plaintiff's current condition supports the limitations included in her RFC.

<u>Rhonda M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-2901
December 16, 2021
Page 3

Therefore, remand is warranted on this issue.

Because the case is being remanded on other grounds, this court need not address plaintiff's arguments regarding whether the ALJ: 1) sufficiently addressed plaintiff's mental limitations in the RFC; 2) included appropriate limitations in the RFC with regard to the medical assessment of Andrea Schulze, M.D.; and 3) posed appropriate hypotheticals to the VE during plaintiff's hearing. The undersigned does note, however, that the ALJ appears to address plaintiff's argument regarding plaintiff's mental limitations due to the explanation regarding why the mental assessment completed by Victoria Mojibola, CRNP-PMH, was not persuasive. (R. at 19). Additionally, as defendant argues, "the ALJ largely accommodated Dr. Schulze's assessment that [p]laintiff could stand and walk for 2-3 hours and sit for 4-5 hours in an eight-hour workday." (ECF No. 22-1 at 8). Finally, "[a]n ALJ is afforded 'great latitude in posing hypothetical questions,' and need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations. Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence." <u>Sara H. v. Comm'r, Soc. Sec. Admin.</u>, No. SAG-20-3358, 2021 WL 4426875, at *1 n.1 (D. Md. Sept. 27, 2021) (quoting <u>Koonce v. Apfel</u>, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999)) (citing <u>Copeland v. Bowen</u>, 861 F.2d 536, 540-41 (9th Cir. 1988), <u>Johnson v. Barnhart</u>, 434 F.3d 650, 659 (4th Cir. 2005)). In this case, it would appear that the ALJ posed proper hypothetical questions to the VE. Therefore, on remand, the ALJ need only address the current functioning of plaintiff's left upper extremity and what, if any, manipulative limitations should be included in plaintiff's RFC.

### III.     <u>Conclusion</u>

For the reasons stated above, Plaintiff's Motion (ECF No. 17) and Defendant's Motion (ECF No. 22) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge